IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELAWARE COUNTY SAFE DRINKING WATER COALITION, INC.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **KATHLEEN MCGINTY,** Secretary of the Pennsylvania Department of Environmental Protection, et al., | : | **NO. 07-1782** |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

PRATTER, J.                                                                                                     SEPTEMBER 25, 2007

The Delaware County Safe Drinking Water Coalition ("Coalition") has filed Motion Requesting Reconsideration and Rescission (Docket No. 26) of the Judgment of the Court, pursuant to Rules 52(b) and 59(a)(2) of the Federal Rules of Civil Procedure. Specifically, the Coalition is dissatisfied with this Court's decision of July 31, 2007 (Docket No. 25) by which the Court dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, all claims asserted by the Coalition against Gary D. And Barbara Creighton and the Secretary of the Pennsylvania Department of Environmental Protection.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986)). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In its motion, the Coalition does not present new evidence. Likewise, it does not suggest a change in controlling law that would warrant a reversal of the Court's previous decision. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). No other interpretation of the reconsideration motion is sensible but that the Coalition seeks to resume its opposition to the Motions to Dismiss (Docket Nos. 18-19). The Coalition presents no justification for invocation of the extraordinary remedy of reconsideration, and the Court perceives none.

Accordingly, **IT IS ORDERED** that the Motion Requesting Reconsideration and Rescission (Docket No. 26) is **DENIED**.

BY THE COURT:

 s//Gene EK Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE