IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELAWARE COUNTY SAFE** | : | **CIVIL ACTION** |
| **DRINKING WATER COALITION, INC.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | No. 07-1782 |
| | : | |
| **KATHLEEN MCGINTY, et al.,** | : | |
| | | |
| **Defendants.** | | |

**MEMORANDUM AND ORDER**

PRATTER, J.                                                                                               JANUARY 23, 2008

The Delaware County Safe Drinking Water Coalition ("Coalition") has filed an Emergency Motion for Reconsideration and Preliminary Injunction (Docket No. 49), pursuant to Rules 59(e), 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. Specifically, the Coalition is dissatisfied with this Court's decision of November 30, 2007 (Docket No. 46) by which the Court dismissed all claims asserted by the Coalition against the United States Environmental Protection Agency ("EPA").

A motion for reconsideration under Rule 59(e) must be filed within 10 days of the entry of judgment.[1]  This ten-day time period is jurisdictional; therefore, the Court is without power to consider or act on the present motion under Rule 59(e).  See, De La Fuente v. Central Electric Cooperative, 703 F.2d 63, 65 (3d 1983).

With respect to Rule 60(b), the Coalition has presented no explanation of why the information in its filings could not have been discovered and presented within the time frame

---

[1] See, Fed. R. Civ. Pro. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.")

provided under Rule 59.  Because "these provisions of Rules 59 and 60 must be construed together and must be applied in a manner which gives due recognition to the policy favoring the finality of judgments," the Court cannot grant the Coalition the right to challenge a past decision under Rule 60 merely because the Coalition failed to abide by the jurisdictional deadline of Rule 59.  Davidson v. Dixon, 386 F. Supp. 482, 492 (D. Del. 1974).

Even if the Coalition's filing was not untimely, the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986)).  "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In its motion, the Coalition does not present new evidence.[2]  Likewise, it does not suggest a change in controlling law that would warrant a reversal of the Court's previous decision.  "A

---

[2] The Coalition merely repeats the same arguments presented both in multiple past filings and during the related oral argument on November 1, 2007.

The Coalition now asserts that the Court wrongly ignored a Fifth Amendment claim against the EPA Administrator, but the Coalition's Complaint did not give fair notice of any Fifth Amendment claim.  While the Complaint alleges that the EPA "has aided and abetted in a taking of a public property right for a private purpose," it specifically seeks "enforce[ment] under the U.S. Civil Rights Act (42 U.S.C. § 1983)."  Compl. ¶ V.34, I.D.  During the hearing on the Motion to Dismiss, the Coalition specified that its claims were brought under "three statutes, Clean Water Act, 1983, and APA."  Trans. at 54:4-5.  It made no mention of the Fifth Amendment.

Even if the Complaint did raise a Fifth Amendment claim against the Administrator, such a claim would fail.  The Fifth Amendment recognizes only "takings" of private property.  U.S. Const. amend. V ("...nor shall private property be taken for public use without just compensation.")  This case involves public water supplies, not private property.  There can be no taking of a public resource: "The concept of a 'taking' of property, within the contemplation of the fifth amendment, is premised on 'governmental actions entail(ing)...an actual invasion of *private property rights*.'"  Huerta v. U.S., 548 F.2d 343, 348 (Ct. Cl. 1977) (citations omitted) (emphasis added).

motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). No other interpretation of the reconsideration motion is sensible but that the Coalition seeks to resume its opposition to the Motion to Dismiss (Docket No. 20). The Coalition presents no justification for invocation of the extraordinary remedy of reconsideration, and the Court perceives none.

Accordingly, **IT IS ORDERED** that the Emergency Motion for Reconsideration and Preliminary Injunction (Docket No. 49) is **DENIED**.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE