IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELAWARE COUNTY SAFE** | : | **CIVIL ACTION** |
| **DRINKING WATER COALITION, INC.,** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 07-1782 |
| | : | |
| **KATHLEEN MCGINTY, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

PRATTER, J.                                                                                                               MAY 22, 2008

The Delaware County Safe Drinking Water Coalition ("Coalition") has filed a Motion for Reconsideration (Docket No. 68) ("Motion"), pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Although the Coalition characterizes the Motion as one for reconsideration of the Court's January 23, 2008 denial of its prior motion for reconsideration (Doc. No. 64), the Coalition makes clear that it ultimately is dissatisfied with this Court's decision of November 27, 2007 (Doc. No. 46) by which the Court dismissed all claims asserted by the Coalition against the United States Environmental Protection Agency ("EPA").

The Coalition asks the Court to grant its Motion in order to "avoid burdening" the Third Circuit Court of Appeals. Motion at 2. However, on the date it became effective, the Coalition's notice of appeal deprived this Court of jurisdiction over the claims raised in this Motion. "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its

1

control over those aspects of the case involved in the appeal." <u>Venen v. Sweet</u>, 758 F.2d 117, 120 (3d Cir. 1985) (citing <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56, 58 (1982) (superceded on other grounds by change in the Federal Rules)). This general rule is designed to prevent both inconsistent orders and the judicial inefficiency which could arise when two courts address the same issues simultaneously. <u>Id.</u> at 121. Because the ultimate question of the correctness of the November 27, 2007 Memorandum and Order is currently before the Third Circuit, this Court is without jurisdiction to hear the Coalition's Motion for Reconsideration. <u>See</u>, <u>Venen</u>, 758 F.2d at 122-23; <u>Killeen v. Travelers Ins. Co.</u>, 721 F.2d 87, 90 n.7 (3d Cir. 1983) ("The notice of appeal divested the district court of jurisdiction, and therefore the district court could not properly decide the Rule 60(b) motion." (internal citation omitted)).

Even if this Court had jurisdiction over the claims in the Coalition's latest Motion, the Court already has addressed and disposed of the issues raised. <u>See</u>, Memorandum and Order (January 23, 2008) (Docket No. 64).[1]

---

[1] In its latest Motion, the Coalition yet again asserts that the Court wrongly ignored a Fifth Amendment claim against the EPA Administrator, but the Coalition's Complaint did not give fair notice of any Fifth Amendment claim. While the Complaint alleges that the EPA "has aided and abetted in a taking of a public property right for a private purpose," it specifically seeks "enforce[ment] under the U.S. Civil Rights Act (42 U.S.C. § 1983)." Compl. ¶ V.34, I.D. During the hearing on the Motion to Dismiss, the Coalition specified that its claims were brought under "three statutes, Clean Water Act, 1983, and APA." Trans. at 54. It made no mention of the Fifth Amendment. Simply stating that the withdrawal of the § 1983 against the EPA Administrator "does not mean there are no Constitutional claims against the Administrator," <u>id.</u>, certainly was not sufficient to give fair notice of any Fifth Amendment claim, particularly because the Coalition specified no such claim in its Complaint.

Even if the Complaint did raise a Fifth Amendment claim against the Administrator, such a claim would fail. The Fifth Amendment recognizes only "takings" of private property. U.S. Const. amend. V ("...nor shall private property be taken for public use without just compensation.") This case involves public water supplies, not private property. There can be no taking of a public resource: "The concept of a 'taking' of property, within the contemplation of the fifth amendment, is premised on 'governmental actions entail(ing)...an actual invasion of

Accordingly, **IT IS ORDERED** that the Motion for Reconsideration (Docket No. 68) is **DENIED**.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

*private property rights*.'" Huerta v. U.S., 548 F.2d 343, 348 (Ct. Cl. 1977) (citations omitted) (emphasis added).

    The Coalition also argues that the Court's ruling regarding its claims under 33 U.S.C. § 1344(c) was based on the mistaken belief that the United States Army Corps of Engineers had not issued a permit under C.W.A. section 404. Motion at 2. The Coalition again ignores the fact that the Permit Application challenged in the Complaint was submitted under the NPDES program pursuant to section 402 of the CWA, 33 U.S. C. § 1342. Accordingly, the Coalition's reliance on 33 U.S.C. § 1344(c) is unsuccessful. Further, as noted in the Court's November 27, 2007 Memorandum and Order:

> Even if this provision applied to this case, courts have repeatedly found that 33 U.S.C. § 1344(c) imposes no non-discretionary duty on the EPA. See, e.g., Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 87 F.3d 1242, 1249-50 (11th Cir. 1996) ("We agree with the EPA that this power is discretionary. By statute, the Administrator is authorized rather than mandated to overrule the Army Corps of Engineers. 33 U.S.C. § 1344(c). Because this power is discretionary, the citizen suit provision of the Clean Water Act does not apply.").

Memorandum and Order at 9 n.6 (November 27, 2007) (Docket No. 46).